## Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker v. Bertha Seifert.

1. BANKS AND BANKING—*Notice of Withdrawing Deposits.*—Where moneys are deposited in a bank, the bankers reserving the right to demand sixty days' notice as a condition of payment, a suit brought

Arnold v. Seifert.

without giving such notice is not prematurely brought unless the bank demands the notice.

**Assumpsit,** for moneys deposited in a bank. Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898· Affirmed. Opinion filed June 21, 1898.

## STATEMENT.

The declaration in this case consists of the common counts, alleging a joint promise of all the defendants, as copartners, doing business under the firm name of Arnold Bros., Baker & Co. Defendants Howe and Bodenschatz are defaulted, and these appellants filed pleas of non-assumpsit and non-joint liability, duly verified. The plaintiff without objection testified that she deposited with Arnold Bros., Baker & Co. ·the amount written in ink in a pass-book which she produced and offered in evidence. The entries in this book show a credit to plaintiff of $720.12, and that the deposits were to draw four per cent interest, compounded semi-annually, and that these deposits were made and received subject to the following, among other conditions, viz.:

"We may allow moneys to be withdrawn or paid on account of savings deposits at any time during business· hours. But, because it is necessary to loan out our funds to enable us to pay interest, and as time to get in the same may sometimes be desirable, we therefore reserve the right, and make it a condition on all savings deposits, to demand and have sixty days previous notice in writing as a condition of payment on all sums exceeding one hundred dollars, and thirty days notice on smaller sums, whenever, in our opinion, the same may be deemed advisable; and all savings deposits shall be made and received subject to these conditions."

The record shows that at the time the bank failed, in August, 1896, appellee "asked" for the money deposited by her, but never received it. This suit was commenced

December 9, 1896.    The existence of the partnership between the defendants was shown. The jury returned a verdict for plaintiff for $751. Appellants moved to set aside the verdict and for a new trial, but their motion was overruled and judgment entered on the verdict. There were no objections or exceptions taken to any of the proceedings prior to the overruling of the said motion, and the only question that can arise on this appeal is the correctness of the action of the court in denying that motion and entering judgment.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

HENRY M. COBURN, attorney for appellee.

MR. JUSTICE HORTON, after making the foregoing statement, delivered the opinion of the court.

As counsel for appellants frankly state, the only question in this case is whether the suit was prematurely brought; or, in other words, was the debt due at that time?

The condition as to a demand is set out in full in the foregoing statement. By it the bankers " reserve the right * * * to demand and have sixty days previous notice, in writing * * * whenever, in our (the bankers) opinion the same may be deemed advisable." There is no testimony tending to show that appellants' firm, or any one for it, exercised this reserved right and demanded the specified notice or deemed it advisable so to do. The giving of sixty days notice by the depositor was not a necessary prerequisite or condition of payment unless or until the bank exercised its reserved right to, and did, demand such notice. Not having done so, the claim of appellee was due at any time. This suit was not prematurely brought.

The judgment of the Circuit Court is affirmed.